Thank you, Judge Kristen. My name is Edward Holt on behalf of Great American Life Insurance Company, or GALIC. I'd like to reserve... Mr. Holt, forgive me. Because I'm appearing remotely, it's very important that you get close to the microphone or I'll not be able to hear you. Yes, Judge Smith. Thank you, sir. You're welcome. I would like to reserve seven minutes for rebuttal. If you just keep an eye on the clock, you can reserve as many minutes as you want. Thank you, Your Honor. You bet. My friends concede on the other side that the district court must be reversed and remanded in light of this court's intervening decision in Small v. Allianz Life. The only point of disagreement today is whether this court should remand with instructions to the district court based on a new theory of class certification that the leaves would like to assert down below. But this court should not reverse and remand or should not give any instructions for two reasons. First, the giving the instructions make no sense. The district court has the discretion to manage its own docket. And in fact, giving the instructions requested by the leaves would in fact be counterproductive. But if in the second reason why the lease instruction should not be given is that their new theory does not address the hurdles set forth in small for class certification under Rule 23 B2 or under Rule 23 A. Can I interrupt you here and ask whether you read the pleadings the same way I do or the papers briefs filed on appeal. It seems to me that the leaves are requesting permission to seek a different remedy but are not suggesting that they would redefine their class. Is that how you read this? Yes, Your Honor. In their answering brief, they do not suggest a different class definition, which is one of the reasons why this declaration does not overcome the dispositive hurdles set out in the small case and as confirmed in the court's later decision in Farley v. Lincoln Benefit. Because it doesn't exclude folks who intentionally let their life insurance policies lapse? That's one of the reasons, Your Honor. What's the other reason? The other reason or reasons is it doesn't satisfy the typicality requirement, which in part is correct. With respect to the other reasons unrelated to intentional lapsers is to why the declaration they are seeking and with the class they have defined does not satisfy Rule 23 B is that it doesn't serve a useful purpose. Of course, the appropriate respecting the entire class is related to the intentional lapsers, but the useful purpose and the finality requirement under Rule 23 B are not satisfied by what they are asking. Of course, they are relying on this court's post-small decision in CINO to avoid the point made in small and in Farley that a declaration does not satisfy Rule 23 B2 because of the causation element. They are trying to limit it to simply declaring that there was a violation of the statutes by Great American. I've been trying to think of a hypothetical where they would be allowed to go forward seeking a remedy. In other words, to follow up on the pronouncement, maybe Judge Smith will tell us, that they would be seeking a declaration that would be beneficial to the whole class. In other words, to use the analogy in the CINO case where they would be seeking a declaration they could use as a shield as opposed to a sword to assert an affirmative breach of contract claim. It seems like a silly hypothetical, admittedly, but I guess there could be a scenario where a life insurance company actually paid out a policy and was actually seeking to recover. Even then, I think it gets to be really strange because we've made so clear that there's no universe in which claims could go forward under these California statutes without paying all of the premiums that were due. I don't know where it would ever arise that this hypothetical shield sword kind of analogy would come into play in a life insurance contract. Of course, in CINO, the court cited Drummond and that was a bilateral commercial contract, which is very different. You could imagine seeking a declaration that one party had breached in order to make sure that they have a defense to a breach of contract claim against using it defensively. It just doesn't work here and it sure wasn't a class action in CINO. So, there's a couple ways this just seems like a square peg in a round hole to me. You're exactly right, Your Honor. In fact, the Lees here aren't even suggesting that they would use this declaration as a shield. They are very explicit that it would then allow class members, if they so choose or chose, to pursue a breach of contract claim. Let me ask you this. They haven't, I don't think they ever came out and told, we're going to hear in a minute from opposing counsel, but my first question was, do you read these briefs the way I do, which I don't hear them saying on remand we should be able to take another run at redefining our class. Now, if they wanted to do that in order to comply with SMALT, that seems like it might be workable. But setting that aside for a minute, because they even said they want to do that, your take on the correct outcome here is for us to simply vacate this ruling, because this ruling can't stand. The parties agree upon that and remand and say nothing more. Correct, Your Honor. All right. But if, I'm sorry, Your Honor. Not at all. I didn't mean to cut you off. Okay. If the court is interested in the merits or decides it would be helpful to give any instructions, though, as we state in our briefs, the instruction should be that this is a non-starter. And so even if they try— What's a non-starter? The requested relief? Correct, Your Honor. This new, narrower declaratory relief is a non-starter. It cannot satisfy 23A2, excuse me, 23A typicality or the requirements in B2. B2. And specifically, even if they tried to redefine the class, here's the real practical reason why this declaration they are seeking does not advance their theory at all. What they've asked for is that there be a declaration that Great American violated the statutes. Well, there are two statutes here with multiple subparts with varying requirements. If, for example, a class member, Cassie the class member, took that declaration into L.A. Superior Court, attached it to a complaint for breach of contract, that class member would still have to establish breach. What provision was breached? Because you cannot then establish causation unless you know what the breach was that caused the policy to lapse.  And the evidence that would be required for these breaches vary, whether it was— So I'm going to interrupt you because I understand from your briefing your client doesn't claim to have satisfied either one of these two statutes. And I don't read these briefs to require us to get to this level of detail at all today. But that's just—I'm only one of three. Let me just check in with my colleagues and see if they have other questions along these lines. I have a brief question for Mr. Holt. I know it's your position that were the merits considered and were rescinded back, that the—a class certification seeking an error of definition declaratory relief would be foreclosed. That I get. But what do you think we should do here? Should we remand it to district court? What disposition are you seeking? Yes, Your Honor. The disposition is a reverse and remand with no instructions. The district court can then allow the case to proceed in the ordinary course. And if the lees want to ask the district court to allow a third if not fourth opportunity at class certification, the district court has the discretion to control his or her docket to do that without instructions from this court. So you would not—you would not recommend that we comment that narrowing the DEC relief is foreclosed? I would say it this way, Judge Smith. If the court is going to comment at all, we would want that comment. Okay. That's only if we reach the merits. Correct, Your Honor. Okay. I'll reserve the remainder of my time for rebuttal unless there are additional questions. Hold on. Do you have any questions at this point? Okay. That's fine. Okay. Thank you. You bet. We'll hear from opposing counsel, please. Yeah. Good morning, Your Honors. If I may please the court, I'm Johnna Lothian for Appellees the Lees, and I want to thank you for accommodating and allowing me to appear remotely. Excuse me. Forgive me. As I said to your colleague, I can't hear you very well unless you get close to your microphone. Okay. Is that better? Not much, but do what you can. Okay. I'll try to speak up. So although the appellees disagree with the holding in small, we do recognize that this court is bound by that decision. And now hearing my friend's arguments on the other side, we actually do agree and we think that the court should reverse and remand to the district court also with no instruction. I understand in our brief, we had asked for instructions that, you know, we could move for a class certification on a more narrow ground. But if this court is inclined to just reverse and remand without any instructions, we would be agreeable to that as well. What we would ask though, is that the court not include any directions that would prohibit the district court from using its discretion to determine whether a different class could be certified within the parameters of small as is within the district court's right under rule 23 C1C. Can I stop you there? Now you're talking about redefining the class. That is not what you talked about in your briefing. And I think opposing counsel agrees that that's something that may be fair game on remand. I read your briefing to talk as the way I think Judge Smith did to suggest that you could seek a different remedy. And in particular, I think you're relying on a set what I'll call a soundbite from SINO that seems to be taken out of context. I'd be a little concerned about not mentioning that in our remand order or else you're going to be right back here, I'm afraid. I appreciate that, Your Honor. So I think that we would ask to be permitted to redefine the class on remand. So we use that, I understand, the briefing reads. But we kind of use that after reading SINO as one example, as a way that could possibly be moved forward on class certification. However, as I stand before you today, all we're asking is that the district court not be handcuffed from making these determinations on the first instance should they decide that there could be a more narrow class certification that does not violate small or should discovery, for example, reveal information that would allow a class to move forward that does not involve the causation issue or violate small. And so that's what we're asking for. And Your Honor, if I can give you, you kind of were saying that you were looking for kind of a hypothetical in the beginning of your argument. And so one hypothetical that we've kind of thought about is, for example, if we were to move for class certification solely on just as an example, you know, that the defendants violated the statutes and not seek any remedies or damages, we do think that that would have value here. And as an example, if you were to compare it to a product liability, failure to warn theory, for example, if there's, you know, a failure to warn that warnings were not given or warnings were somehow inadequate and that there was a declaration as to that element of the product liability, then the plaintiff only has to prove that they would have acted differently had they received that warning or an adequate warning. And so that does get the case further along. And so similarly here, you know, if there's a declaration that the defendants violated the statute, there's still going to be an issue, an argument over whether there's substantial compliance or strict compliance with the statute. And so we would argue that that would still get the case further along. And in Seno, for example, if the court found that it was useful for those two individuals to have a declaration of their rights and their relationship with the defendant, then shouldn't it be up to the district court that's managing this litigation to determine whether it's useful for these 10,000 potential plaintiffs in the class? And I, can I, can I, can I interrupt you here? I appreciate your argument. It's the one in your briefing. We know this argument, but my question is how is any of that permissible after small in Sino? Oh, because so if, if there's a declaration that they, that the defendant violated the statute, then we don't need to get into the causation issue, right? And we're just saying there's a declaration that they didn't serve the appropriate notices required under the statute. And that's it. We're not asking any, we wouldn't be moving for a class certification as to any, any remedies or damages to, so we wouldn't be getting into like the intentional versus unintentional lapse that could still be litigated later individually. But we still think that potentially as an example, that could be one there or a class that could move the litigation forward and could be worthwhile, which was stated in Sino that there is value in the declaratory relief causes of action and just giving a declaration of the party's right. Counsel, I think the problem with the argument is the Supreme Court in Dukes said that you only get 23B to certification if the relief sought would benefit all members of the class at the same time. And if you've got class members who are never going to benefit from any sort of relief because they don't now fall within the scope of what could be a claim after small, then I don't understand how Dukes can be satisfied and how 23B would apply. Because they'd have to show causation, right? They'd have to show causation after small. If there's a group of people who can't prevail on a claim because they're never going to show harm, then it does them no good to get a declaration that there was a statutory violation. They weren't harmed by it. But I think that that would be left up to the district court for further litigation. Why? Why is that the case after small? Because small hasn't foreclosed the ability for these people to still prove that they have been caused harm by this. It simply says that we can't have a declaration without proving that cause. But we can still go forward and prove that causation element. So having a declaration that there's a violation moves the case forward because then all we have to do is prove causation. But you're not respectful. You're not answering my colleague's question. How is everyone in the class being treated the same? Because everyone in the class would have had their policy terminated without receiving the notices that are required under the statute. But as you've defined the class, it includes people who voluntarily let their policies lapse. So we would need, so we would recognize that potentially the district court would need to decide whether we would need to redefine the class to not include those people. And if there is a way forward to do that. And so therefore we ask that this court not include any instructions saying that small has completely foreclosed any type of future class action. So you're really back to where you started, if I understand it correctly. I heard you say you may want to get into the merit, but you're fine if we just remand without instructions because you think you can conjure a new class effectively, notwithstanding what all members of this panel have raised. Is that right? Respectfully, Your Honor, we believe that that right should be left to the district court in the first instance, should there be issues that are raised that are not currently before this court. We think that if we get, so yes, Your Honor, we would ask that this court reverse and remand with simply no instructions. Any further instructions that small completely forecloses class certification would be, I think, taking small too far and ask the court to make decisions on issues that are hypothetically hypothetical and not currently before this court. We would submit that there's no basis in this record for such a broad sweeping order and such a direction would not be consistent with the discretion of the district court to decide certification questions in the first instance, especially when there's been a change in the law. Because this district court certification order, of course, was issued before small was issued. So we think that the district court should have a right in managing cases that should some hypothetical class come up that could be certified under small, that it has the right to do that. Let me put it to you this way. If we send this back to the district court without instructions, what hypothetical change in the class would you propose that satisfies what I believe to be the concerns of every member of this panel? Why wouldn't she be right back here without any benefit? So to answer your question is I don't know that, Your Honor, because we don't necessarily have an idea of what we would move to certify right now. We still have to go through the discovery. There's potentially things that could come up. We're just saying in the future, there may be a possibility that there could be a class that could be certified. And so we just simply ask this court to revert to our man with no instruction. So basically, you want to go back and try a little fishing expedition, see what you can catch. We want to go back, Your Honor, and we want to be able to litigate the case without any parameters that would prevent potential future class actions that may be valid and may not go against small and Farley. Anything further? Judge Smith, Judge Forrest, it doesn't look like we have further questions. Counsel, thank you for your argument. We'll hear rebuttal. Thank you, Your Honor. Just briefly, the Lees invited the discussion that we're having today by suggesting in their answering brief that the court provide instructions on remand, but obviously have since apparently changed their decision either after seeing the reply brief or but there have been unable to articulate in response to several questions as to how they could, under any circumstances, get around the preclusive effects of small and Farley. And CINO simply is not the intervening case that would allow another shot at class certification. Do you still want us to remand without any clarification? Based on the panel's concerns that I've heard today, I think it would be helpful for the panel to provide the instructions so that we aren't back here. You know, procedurally, the Lees and the original class plaintiff who filed this case, originally Mr. Tavakolian, they had two opportunities at class certification. Even when the district court denied the B3 class, the district court gave the Lees leave to find a class rep to represent that class, so that subclass or class. So now they're asking for this fourth opportunity without, as Judge Smith said, really in a fishing expedition. So counsel, how would you have us clarify? I don't hear you saying that we should be putting any restraints on how they I think the reading, the correct reading of what happens after small and CINO and how that can satisfy B2, right? And they're going to need to show causation. Correct, Your Honor. And that the declaration that they have requested in their answering brief does not satisfy A, 23A. I appreciate that, counsel. I think we've all covered that that's not correct. So I'm trying to figure out what your best shot is at what clarification you think we ought to be giving. Again, I probably wasn't clear, but that's what I'm trying to get at. I don't hear you saying that we need to say anything about how they may or may not want to try to redefine their class to exclude people who voluntarily allowed their life insurance policies to expire. I think she's pretty well conceded that point, opposing counsel has. And I just don't hear her pushing back on that. But it seems the problem seems to me on the back end, the notion that a declaratory relief action could still be of benefit under B2 members of the class without who would not have to show causation. Do you agree or do you think we're missing a need to do something else to provide guidance on remand? No, Your Honor. How you have articulated it, that would be the instructions that should be given if instructions are given. So I have a follow up question to that, and that is procedurally, is it even proper for us to do that? So normally, right, we have a presentation of a class definition and what the class wants given to the district court. The district court considers it makes a decision and we review that. And here we've got a presentation that was made to the district court, a change that is presented to us in the first instance about what this class is and what it wants, or I guess mostly what it wants. Is it proper for us in the first instance to start tinkering around with changes to this class? Or should we send that back to the district court? Your Honor, I guess I wouldn't describe the instructions that we would propose as being tinkering around. If the panel... But we would be saying them in reaction to the plaintiffs in their briefing, saying we're now going to narrow the relief that we want. Isn't that a tinkering of what was presented to the district court? And that's not been presented by a motion or it's just in briefing. Excuse me, Your Honor, I misunderstood your question. It is tinkering by the Lees. I would not have viewed that as tinkering by this panel to address what they have now presented to the court. Because one thing we could just do is say, we recognize that the plaintiffs have asked us to have a narrower scope of what this class wants. We just don't think that that's appropriately presented to us. And if the plaintiffs want to pursue that, they should present it to the district court in the first instance. I'm just wondering about whether we're stepping out of our role as a court of review and if we say anything on this new narrowing becoming a court of first instance. I wasn't suggesting that. What I'm suggesting is that... And I'm sorry if I sounded like a tinkerer. What seems to me to be the problem is at the top of the argument, I was saying, I think there's a soundbite from one of our published opinions that's being misapplied here, misunderstood. So the clarification I was suggesting, we clarify what that soundbite does or does not mean in SINO. And leave it at that. I think you certainly have the ability to do that, Your Honor. Okay. I think I misspoke earlier if I caused confusion. Judge Smith, do you have anything further? Nothing further. Judge Forrest, do you have anything further? Okay. I think we're done. Thank you ever so much for both of you. We appreciate your arguments. We'll take that matter under advisement. Thank you. Thank you.
judges: SMITH, CHRISTEN, FORREST